UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN PERSAUD,<br><br>                              Plaintiff,<br><br>          -against-<br><br>METROPOLITAN TRANSPORTATION<br>AUTHORITY, et al.,<br><br>                              Defendants. | 1:25-CV-4600 (JLR)<br><br>ORDER OF SERVICE |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Steven Persaud, of Queens Village, New York, brings this action *pro se* asserting claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the New York State and City Human Rights Laws. He seeks damages and backpay, as well as injunctive relief, and he sues: (1) the Metropolitan Transportation Authority ("MTA"), his former employer; (2) New York City Transit ("NYCT"), an MTA subdivision; (3) "MTA Headquarters (HQ)"; and (4) the Manhattan and Bronx Surface Transit Operating Authority ("MaBSTOA"), a subdivision of NYCT.

By order dated June 4, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court drops all of the defendants except the MTA, under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"). The Court directs service on the MTA.

## DISCUSSION

### A.    Rule 21

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of

efficiency and justice."). Because Plaintiff's naming of NYCT, "MTA Headquarters (HQ)," and MaBSTOA – all subdivisions of the MTA – as defendants appears to be duplicative of his naming the MTA as a defendant, the Court directs the Clerk of Court, under Rule 21, to drop all of the defendants in this action with the exception of the MTA.

## B.    Service on the MTA

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the MTA through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for the MTA. The Clerk of Court is further instructed to issue a summons for the MTA and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on the MTA.

If a summons and the complaint are not served on the MTA within 90 days after the date that the summons for the MTA is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summons issue. The Court therefore extends the time to serve the MTA until 90 days after the date that any summons for the MTA issues.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court, under Rule 21, to drop all of the defendants in this action with the exception of the Metropolitan Transportation Authority ("MTA").

The Court further directs the Clerk of Court to: (1) issue summons for the MTA; (2) complete a USM-285 form for the MTA; and (3) deliver all documents necessary to effect service of a summons and the complaint on the MTA to the USMS.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 5, 2025
       New York, New York

_____
JENNIFER L. ROCHON
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

Metropolitan Transportation Authority
Department of Law – Claims
130 Livingston Street, 10th Floor
Brooklyn, New York 11201